IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKIE A. BIDDLE,

       Petitioner,                      No. 2: 12-cv-1119 JAM JFM

   vs.

WILLIAM KNIPP,

       Respondent.               FINDINGS AND RECOMMENDATIONS

                                  /

## I. INTRODUCTION

Petitioner is a state prisoner proceeding *pro se* with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to one count of residential robbery, one count of residential burglary, three counts of assault with force likely to cause great bodily injury, two counts of criminal threats, two counts of assault with a semi-automatic firearm, one count of false imprisonment by violence, one count of receiving stolen property, one count of possession of a firearm by a felon, and one count of carrying a loaded firearm with the intent to commit a felony. Petitioner received a sentence of twenty-seven years and four months imprisonment. Presently before the court is petitioner's motion to stay and abey his federal habeas petition. For the following reasons, the motion to stay and abey should be denied.

/////

## II. FACTUAL BACKGROUND[1]

> On the evening of October 1, 2007, defendant and several cohorts invaded a home to rob the occupants. Defendant wielded a semiautomatic pistol, and pistol-whipped or kicked some victims, and made threats. The perpetrators were soon captured, in possession of property taken from the home. It appears the home was targeted because its occupants were marijuana growers. Video taken by a surveillance camera at the home that night shows codefendant Jack Baldwin cutting down "fully bushed" marijuana plants on the property.

(Resp't's Lodged Doc. 8 at p. 2-3.)

## III. PROCEDURAL HISTORY

Petitioner appealed to the California Court of Appeal after he was convicted and sentenced. (See Resp't's Lodged Doc. 5.) On November 23, 2010, the California Court of Appeal affirmed the judgment in a written opinion. (See Resp't's Lodged Doc. 8.) Thereafter, petitioner filed a petition for review in the California Supreme Court. (See Resp't's Lodged Doc. 9.) The California Supreme Court summarily denied the petition for review on February 2, 2011. (See Resp't's Lodged Doc. 10.)

On April 20, 2011, petitioner filed a state habeas petition in the Shasta County Superior Court. (See Resp't's Lodged Doc. 11.) On June 6, 2011, the Shasta County Superior Court denied the state habeas petition in a written decision. (See Resp't's Lodged Doc. 12.)

Petitioner filed his federal habeas petition on April 20, 2012.[1] Petitioner raises the following claims in his federal habeas petition:

> I. The trial court abused its discretion when it ruled there had been no change of circumstances under a local rule prohibiting plea agreements after the jury trial readiness conference absent a change of circumstances, thereby rendering [petitioner's] pleas of guilty involuntary and denying him his right to effective assistance

---

[1] The factual background is taken from the Court of Appeal fo the State of California, Third Appellate District's opinion on direct appeal dated November 23, 2010. (See Resp't's Lodged Doc. 8.)

[1] Where applicable, the dates used for petitioner's filings are determined pursuant to the prisoner mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).

of counsel and due process under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 15 of the California Constitution. Moreover, the trial court further abused its discretion and denied [petitioner] those state and federal constitutional rights when it denied [petitioner's] subsequent motion to withdraw his guilty pleas in the face of clear and convincing evidence of grounds to do so.

II. The case must be remanded to allow [petitioner] an opportunity to withdraw his pleas because he was denied the benefit of his plea bargain as well as federal and state due process of law.

III. By failing to object to the prosecutor's silence during argument on sentence, trial counsel rendered [petitioner] ineffective assistance of counsel in violation of his rights to counsel under the Sixth and Fourteen Amendments to the United States Constitution and Article I, Section 15 of the California Constitution.

IV. The trial court committed prejudicial error when it cut [petitioner] off in mid-sentence during a hearing held pursuant to People v. Marsden, supra, thereby precluding [petitioner] from fully articulating his reasons why he sought to discharge his attorney and potentially denying him his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 15 of the California Constitution.

(Dkt. No. 1.)

On June 20, 2012, petitioner filed another state habeas petition in the Shasta County Superior Court. That petition raised four claims; specifically:

I. Imposition of the one year sentence for count 3 violated Penal Code § 654, and liberty interest rights protected by Hicks v. Oklahoma (1980) 447 U.S. 343.

II. The failure to stay the sentences on counts 6 and 9 violated Penal Code § 654; Petitioner's liberty interest protected by the Fourteenth Amendment Due Process Clause held by Hicks v. Oklahoma (1980) 447 U.S. 343; and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

III. Imposition of the upper term without a finding and stating a reason for imposing the upper term violated Penal Code § 1170(b) and petitioner's liberty interest protected by the decision in Hicks v. Oklahoma (1980) 447 U.S. 343.

IV. Penal Code § 2933.1 entitles petitioner to an additional day of presentence custody time.

(Resp't's Lodged Doc. 13.)[2]

On August 1, 2012, the Shasta County Superior Court denied the June 2012 state habeas petition in a written decision. (See Resp't's Lodged Doc. 14.) On September 11, 2012, petitioner filed a state habeas petition in the California Court of Appeal which raised the same issues petitioner raised in his June 2012 state habeas petition. (See Resp't's Lodged Doc. 15.) The California Court of Appeal denied the state habeas petition but denied without prejudice petitioner's claim for an additional day of presentence custody time. (See Dkt. No. 16.)

As petitioner was proceeding with his second state habeas petition in the state courts, he filed a motion to stay and abey his federal habeas petition in this court on June 20, 2012. Petitioner seeks a motion to stay so that he can exhaust the four claims he raised in his June 20, 2012 state habeas petition. (See Dkt. No. 8.) Respondent answered the federal habeas petition on October 22, 2012. (See Dkt. No. 15.) Thereafter, respondent was ordered to respond to petitioner's motion to stay and abey. (See Dkt. No. 17.) Respondent filed a response in opposition to petitioner's motion to stay and abey on November 29, 2012. (See Dkt. No. 20.)

## IV. MOTION TO STAY

Petitioner requests a motion to stay his federal habeas petition "so that he can exhaust his state habeas petition raising four federal claims that Petitioner did not discover until June, 2012. (See Dkt. No. 8 at p. 1.) Petitioner cites to King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) to support his motion to stay.

In King, 564 F.3d at 1135, the Ninth Circuit explained the procedure whereby a petitioner seeks a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). "Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the

---

[2] Additionally, petitioner requested that the state judge recuse himself from deciding petitioner's second habeas petition in the Shasta County Superior Court because "it would be difficult for a judge to remain neutral," as the petition included several sentencing error claims. (See Resp't's Lodged Doc. 13.)

4

petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). Kelly requires the petition to delete unexhausted claims such that only exhausted claims are stayed. See King 564 F.3d at 1135 (outlining Kelly procedure). Thus, under Kelly, a petitioner must still amend his deleted claims within the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See id. at 1138-39; see also 28 U.S.C. § 2244(d)(1) ("A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

In step three of the Kelly procedure, a petitioner is only allowed to add his newly-exhausted claims back into the federal petition if the claims either are independently timely under AEDPA or "relate back" to the exhausted claims in the pending petition. See King, 564 F.3d at 1140-41; see also Berry v. Jacquez, Civ. No. 10-305, 2011 WL 4738336, at *3 (E.D. Cal. Oct. 5, 2011) ("Thus in order to grant a stay and abeyance under Kelly, a court must determine that a petitioner's unexhausted claims is not barred by the statute of limitations and also raises a valid and not otherwise 'plainly meritless' claim."), report and recommendation adopted by, 2011 WL 6024454, (E.D. Cal. Dec. 2, 2011); Maxwell v. Kramer, Civ. No. 07-548, 2011 WL 3359029, at *2 (E.D. Cal. Aug. 3, 2011) (same); Jones v. Runnels, Civ. No. 04-950, 2008 WL 697700, at *1 (E.D. Cal. Mar. 14, 2008). "An amended habeas petition does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). A new claim "relates back" to an existing claim if the two claims share a "common core of operative facts." Id. at 659. A new claim does not "relate back" to an exiting claim simply because it arises from "the same trial, conviction or sentence." Id. at 663-64.

AEDPA places a one-year statute of limitations on the filing of petitions for writ

of habeas following final judgment from a state conviction.  See 28 U.S.C. § 2244(d).  Petitioner did not seek a writ of certiorari from the United States Supreme Court on direct appeal.  Thus, typically, his AEDPA statute of limitations would begin to run ninety days from the time the California Supreme Court denied the petition for review on February 2, 2011.  See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (for purposes of determining when judgment is final under § 2244(d)(1), period of direct review includes "the ninety-day period within which [the petitioner] could have filed a petition for writ of certiorari from the United States Supreme Court").  However, during the ninety-day period in this case, petitioner filed a state habeas petition in the Shasta County Superior Court.  That state habeas petition was denied on June 6, 2011.  Thus, petitioner's AEDPA one-year statute of limitations began to run on June 7, 2011 as it was statutorily tolled during the pendency of his April 20, 2011 state habeas petition.  See 28 U.S.C. § 2244(d)(2) (the AEDPA statute of limitations is statutorily tolled during the time a properly filed application for post-conviction relief is pending in state court).

As previously stated, petitioner filed his federal habeas petition on April 20, 2012 which was within the applicable AEDPA statute of limitations.  However, the filing of this federal habeas petition did not toll AEDPA's statute of limitations which began to run on June 7, 2011.  See Duncan v. Walker, 533 U.S. 167, 181 (2001) (holding that AEDPA's statute of limitations is not statutorily tolled during the pendency of a federal habeas petition).  Thus, petitioner's four new claims raised in his motion to stay which was filed in this Court on June 20, 2012 (or beyond AEDPA's one-year statute of limitations) must either "relate back" to the claims raised in the April 20, 2012 federal habeas petition or must be independently timely under AEDPA for a Kelly/King stay to be warranted.

The four claims raised in the motion to stay do not relate back to the original federal habeas petition.  As described supra, those four claims assert that the trial judge erred in arriving at his sentence for petitioner.  Comparatively, petitioner's claims raised in the original habeas petition are separated in "time and type" from these four claims.  See Mayle, 545 U.S. at

657. Claims I and II of the original federal habeas petition relate to petitioner's plea (or lack thereof), not to his sentencing. Furthermore, Claim III asserts that trial counsel was ineffective in failing to object to the prosecutor's silence with respect to a purported recommendation as to sentencing. Finally, Claim IV relates to the trial court's ruling at petitioner's Marsden hearing. These four claims are all of a different time and type from petitioner's claims alleging that the trial judge erred in arriving at his sentence for petitioner. See, e.g., Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (new proposed claim of improper admission of testimony did not relate back to initial petition which raised jury instruction claim); Hughes v. Walker, Civ. No. 10-3024, 2012 WL 346449, at *6 (E.D. Cal. Feb. 1, 2012) (finding that proposed new claim which focused on what occurred at the preliminary hearing is separated by time and type of claim alleging Confrontation Clause claim occurring at trial). Accordingly, the four proposed claims in the motion to stay do not "relate back" to the original habeas petition.

Petitioner also argues that he only discovered the claims raised in his motion to stay after a prisoner reviewed his transcripts and discovered "four federal errors" under the Due Process Clause. According to petitioner, he had assumed that all of his due process claims had been raised by his appellate counsel. (See Dkt. No. 8 at p. 1-2.) Section 2244(d)(1)(D) states AEDPA's statute of limitations begins to run on a claim on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, under Section 2244(d)(1)(D), AEDPA's statute of limitations commences when petitioner knows or through the exercise of due diligence should discover the factual predicate of his claims, not when petitioner learns the legal significance of those facts. See Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003); Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); see also Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Section 2244(d)(1)(D) provides a petitioner with a later accrual date than Section 2244(d)(1)(A) only 'if vital facts could not have been known.'") (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)).

In this case, Section 2244(d)(1)(D) does not provide for a later accrual date for

1 the claims raised in the motion to stay to make them timely. As described supra, those claims
2 relate to alleged errors by the trial judge with respect to petitioner's sentence. Petitioner was
3 present at sentencing in 2009. (See Clerk's Tr. at p. 511-16.) Thus, through the exercise of due
4 diligence, he should have discovered the factual predicate of his sentencing claims at or around
5 that time, not in 2012 when a prisoner reviewed petitioner's transcripts.

6 Therefore, as the claims petitioner raises in his motion to stay would be barred by
7 AEDPA's statute of limitations, the motion for stay should be denied.

8 /////
9 /////
10 /////
11 /////
12 /////
13 /////
14 /////
15 /////
16 /////
17 /////
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to stay (Dkt. No. 8.) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 11, 2012.

_/s/ John F. Moulds_
UNITED STATES MAGISTRATE JUDGE

14
bidd1119.motstay