IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKIE A. BIDDLE,

    Petitioner,                    No. 2:12-cv-01119 JAM JFM (HC)

    vs.

WILLIAM KNIPP,

    Respondent.             ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 22, 2012, respondent filed an answer to the petition for writ of habeas corpus. ECF No. 15. On January 11, 2013, petitioner filed a reply to respondent's answer. ECF No. 26. This case is now submitted for decision and in due course, the court will issue its findings and recommendations on the merits of the petition. Pending before the court is petitioner's motion to expand the record pursuant to Rule 7 of the Rules Governing § 2254 Cases. ECF No. 25. Respondent filed no opposition to the motion.

        Petitioner seeks habeas relief on the basis that, *inter alia*, his constitutional right under the Sixth Amendment was violated because his counsel did not advise him of a superior court local rule "that prohibited plea bargains after the trial readiness conference." ECF No. 1 at 13; see also id. at 15 n.9. In his motion to expand the record, petitioner presents the following

1

documents in support of his reply to respondent's answer: (1) Shasta County Superior Court Local Rule 13.05[1] ("Shasta County Local Rule 13.05"); (2) Canon 3 of the California Counsel On Judicial Performance; and (3) Postmarked envelope showing "when and how [petitioner] discovered Local Rule 13.05." ECF No. 25 at 1-2.

Under Rule 7 of the Rules Governing § 2254 Cases, a district court has the discretion to expand the record with additional materials which are relevant to the petition. Rule 7(a), Fed. R. Governing § 2254 Cases. Generally, the types of materials that may be admitted "include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge." Rule 7(b), Fed. R. Governing § 2254 Cases.

With regards to Shasta County Local Rule 13.05, petitioner argues that "no one ever mentioned or identified Local Rule 13.05 to Petitioner, not counsel or the trial court." ECF No. 25 at 3. Petitioner further states that his appellate counsel referred to the local rule as "an unwritten local policy." Id. The court finds petitioner has made a showing that Shasta County Local Rule 13.05 is relevant to his claim for ineffective assistance of counsel. Rule 7(a), Fed. R. Governing § 2254 Cases. Therefore, Shasta County Local Rule 13.05 may be included to complete the court's record as to the relevant state rules in effect at the time petitioner claims he received ineffective assistance of counsel.

However, petitioner has not made a showing that Canon 3 of the California Counsel On Judicial Performance and a postmarked envelope showing his receipt of the local rule and canon are relevant to his petition. Therefore, the court denies petitioner's motion to expand the record to include these two documents.

/////

---

[1] Shasta County Local Rule 13.05(A)(1)(a)(I) provides, in part: "If trial counsel on the day of trial present to the trial court a negotiated disposition, and they are able to articulate changed circumstances that are both material and demonstrated to have been unforeseeable at the trial assignment calendar, the home court judge is to be contacted by the trial court judge and advised of the foregoing." See ECF No. 25 at 7.

Accordingly, IT IS ORDERED that:

1. Petitioner's motion to expand the record (ECF No. 51) is granted with regards to Shasta County Local Rule 13.05, and denied with regards to Canon 3 of the California Counsel On Judicial Performance and a postmarked envelope.

DATED: July 2, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

bidd1119.mte